# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA HERNANDEZ,<br><br>                           Plaintiff,<br>  vs.<br>POINT LOMA CREDIT UNION,<br><br>                          Defendant. | CASE NO. 16cv146-LAB (MDD)<br><br>**ORDER OF REMAND** |

      This action was removed from the Superior Court of California for the County of San Diego. Although the complaint raised claims under state law only the notice of removal identified the presence of a federal question as the basis for the Court's jurisdiction.

      The Court issued an order (Docket no. 6, "OSC") requiring Defendant Point Loma Credit Union ("PLCU") to show cause why this action should not be remanded for lack of jurisdiction, and permitting Plaintiff Alexandra Hernandez to file briefing if she wished. The OSC's analysis is incorporated by reference into this order, and is not repeated here except as necessary. Both parties have now filed their briefs.

      All causes of action in the complaint arise under state law, specifically, California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and various state contract and tort theories. The notice of removal, however, argued that the UCL claim was premised solely on a violation of federal law, and therefore a federal question was squarely

...

presented. The Court's order, however, noted that the UCL claim was based both on alleged violations of federal law and on "unfairness" as defined by state law. A business practice can be "unfair," and thus actionable under the UCL, even if it does not violate any law. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (explaining that practices are actionable under the UCL if they are unfair or deceptive, even if they are not also unlawful); *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994) ("'Unfair' simply means any practice whose harm to the victim outweighs its benefits.")

Because Hernandez's UCL claim relies on alternative theories, one federal and one state, it did not appear that a federal question was present. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

Hernandez, in her response, agreed with the OSC that jurisdiction is lacking. She also argued the removal was untimely and requested remand for that reason as well.

PLCU's response to the OSC does not show that the Court can exercise jurisdiction over this matter. According to PLCU, Hernandez admitted in her motion for class certification that her UCL was based solely on violations of federal law. But, with exceptions inapplicable here, the well-pleaded complaint rule requires the Court to look only at the face of the complaint. *See Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). Hernandez's characterization of her claims in a motion does not create federal question jurisdiction. But even if it did, the Court has reviewed her motion and it does not characterize her claim the way PLCU believes it does. All it says is that assessing overdraft fees in the way PLCU did is a *per se* violation of federal law; it does not say this is this the sole UCL theory. (*See* PLCU's Response, Ex. B (Docket no. 8-3), at 2:13–28, 13:1–18.) And in fact, the wording suggests her claim is <u>not</u> solely federal; it says her "primary claim" arises from a violation of federal law, implying she has a secondary claim. (*See id*. at 13:1.)

Here, Hernandez's UCL claim is based on two alternative theories, one state and one federal. Admittedly, the name of the one of the two putative classes — the Regulation E Class — *suggests* that a federal question is squarely presented. But as the OSC noted, this class's claims are *also* based on state law principles of unfairness. (OSC, 2:24–3:1.)

Hernandez and the Regulation E Class could prevail merely by showing PLCU's practices were unfair, without also showing that they violate federal law.

"When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains*, 80 F.3d at 346. That is the case here.

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)) (internal quotation marks omitted). Because PLCU has not met its burden to show why this action should not be remanded, the Court need not reach the timeliness issue. This action is **ORDERED** remanded to the Superior Court of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED: February 18, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge